IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Thongbra, Inc., | : | |
|         Plaintiff | : | |
| v. | : | |
| | : | Civil Action No.: _____ |
| Brian K. Sparkes d/b/a TheSurgicalBra.com, | : | |
| | : | JURY TRIAL DEMANDED |
|         Defendant. | : | |

## COMPLAINT FOR PATENT AND COPYRIGHT INFRINGEMENT

Thongbra, Inc. ("Plaintiff"), a Pennsylvania corporation, by way of Complaint against Brian K. Sparkes d/b/a thesurgicalbra.com ("Defendant"), an individual residing in California, on knowledge, information, and belief, alleges as follows:

### Nature of Claim

1.  This is a civil action for federal patent infringement under 35 U.S.C. § 271 and federal copyright infringement under 17 U.S.C. §§ 106, 501.

### Jurisdiction

2.  Subject matter jurisdiction over this action is proper in this court under 28 U.S.C. §§ 1331, 1332, 1338, and 1367(a).

1

**Venue**

3. Venue is proper in this district under 28 U.S.C. § 1391.

**Parties**

4. Plaintiff is a corporation incorporated under the laws of the Commonwealth of Pennsylvania with its principal place of business located at P.O. Box 22, Lyndell, Pennsylvania 19354.

5. Defendant is a resident of the state of California doing business as TheSurgicalBra.com, which has a place of business located at P.O. Box 9042, Alta Loma, California 91701.

**Statement of Facts Common to All Counts**

6. Plaintiff's president invented a post-surgical chest support garment, for which she filed United States Patent Application Serial No. 11/334,129 ("'129 Application") on January 17, 2006. After examination of the '129 Application was completed, United States Letters Patent No. 7,445,541 ("'541 Patent") was issued for the invention on November 4, 2008, which is attached hereto as **Exhibit A** and incorporated herein by reference. On December 18, 2014, Plaintiff's president assigned ownership of the '541 Patent to Plaintiff via assignment.

7. In or around April 2007, Plaintiff published its Internet website, www.thongbra.com to sell the post-surgical chest support garment described and claimed in the '541 Patent. The website features explanations of the garment's purposes, uses, and frequently asked questions. Among other content, the www.thongbra.com includes a description of the

most common purpose for Plaintiff's garment, which is to facilitate the healing process after undergoing corrective separation surgery for symmastia, a potential side-effect of breast augmentation procedures.

8. Plaintiff owns federal Copyright Registration No. TX 7-936-476 for the content on www.thongbra.com, including its explanation of symmastia and the uses of its post-surgical chest support garment to aid in recovery after breast surgery, which is attached hereto in **Exhibit B** and incorporated herein by reference.

9. To date, Plaintiff continues to maintain www.thongbra.com and its content, and continues to manufacture and sell its post-surgical chest support garment under the '541 Patent through www.thongbra.com.

10. Defendant operates the website at the domain name www.thesurgicalbra.com, through which he sells a post-surgical chest support garment that embodied the garment claimed in Plaintiff's '541 Patent. The domain name was created and registered on February 25, 2011.

11. Defendant's www.thesurgicalbra.com also featured content identical or substantially similar to content on Plaintiff's www.thongbra.com content regarding the explanation of symmastia.

12. Based on its ownership of both the '541 Patent and copyrighted website, www.thongbra.com and its content, Plaintiff has given Defendant written notice that its product and website content infringe on Plaintiff's intellectual property via letters to the defendant dated June 30, 2014 and August 29, 2014.

13. Plaintiff contacted the registrar of Defendant's www.thesurgicalbra.com website,

Fastdomain, Inc., with a takedown notice indicating the content on Defendant's website that infringed Plaintiff's federally registered copyright in the content on www.thongbra.com.

14. Due to Defendant's continued operation of its website through which Defendant continues to advertise and sell its post-surgical chest support garment in violation of Plaintiff's federally-protected intellectual property rights and Defendant's lack of cooperation and ceasing and desisting from its unlawful activities, Plaintiff files this Complaint.

### Count I: Federal Patent Infringement under 35 U.S.C. § 271

15. The allegations set forth above, inclusive, are repeated and incorporated herein by reference.

16. Defendant's actions constitute federal patent infringement in violation of 35 U.S.C. § 271.

17. Plaintiff's president and/or Plaintiff have owned the '541 Patent throughout the period of Defendant's infringing acts and Plaintiff still owns the patent.

18. Defendant has infringed and is still infringing the '541 Patent by making, selling, and using a post-surgical chest support garment that embodies the patented invention, and Defendant is likely to continue to do so unless enjoined by this Court.

19. Defendant has acted willfully and knowingly, or with wanton disregard, of Plaintiff's exclusive rights by making, producing, and selling Plaintiff's patented invention.

20. Plaintiff has sustained irreparable harm to its business, reputation, and goodwill, and, unless Defendant is enjoined and restrained by this Court, Defendant will continue in the

activities alleged herein and as a result thereof, Plaintiff will continue to sustain irreparable harm to its business, reputation, and goodwill.

21. Plaintiff has no adequate remedy at law.

## Count II: Federal Copyright Infringement under 17 U.S.C. § 501

22. The allegations of set forth above, inclusive, are repeated and incorporated herein by reference.

23. Defendant's acts constitute federal copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

24. Plaintiff is and always has been the owner of the literary work copied by Defendant.

25. Plaintiff owns federal Copyright Registration No. TX 7-936-476 for the content of its website, www.thongbra.com.

26. Defendant's unauthorized copying, reproduction, use, and imitation of all or part of Plaintiff's copyrighted work violate Plaintiff's exclusive rights under § 106 of the Copyright Act.

27. On information and belief, Defendant accessed all or part of Plaintiff's website content, and all or part of Defendant's website content was substantially similar to Plaintiff's copyrighted work, both literally and/or in structure, sequence and organization.

28. Defendant has acted willfully and knowingly, or with wanton disregard, of Plaintiff's exclusive rights by using, reproducing, and imitating Plaintiff's copyrighted work.

29.     Plaintiff has sustained irreparable harm to its business, reputation, and goodwill, and, unless Defendant is enjoined and restrained by this Court, Defendant will continue in the activities alleged herein and as a result thereof, Plaintiff will continue to sustain irreparable harm to its business, reputation, and goodwill.

30.     Plaintiff has no adequate remedy at law.

### Prayer for Relief

Therefore, Plaintiff hereby respectfully requests this Court order:

(a)     an injunction against Defendant's continuing patent and copyright infringement;

(b)     an accounting for damages based on Defendant's past copyright infringement and continuing patent infringement;

(c)     reasonable interest, court costs, and attorneys' fees; and

(d)     any other relief such as this Court deems just and proper.

Respectfully submitted,

Ryder, Lu, Mazzeo & Konieczny, LLC

Date: May 19, 2015

By: /FrankAMazzeo/
Frank A. Mazzeo
Suite 200
808 Bethlehem Pike
Colmar, PA   18915
215-997-0248 (t)
215-997-0266 (f)
fmazzeo@ryderlu.com
*Attorneys for Thongbra, Inc.*